PER CURIAM.
The trial court required the appellant, Florida Department of Health and Rehabilitative Services, [hereinafter HRS], to retain private counsel for the appellee, Larry Johnson.
Larry Johnson is a patient at Florida State Hospital. Johnson is the defendant in a civil lawsuit brought by the parent of another patient who claims that Johnson sexually abused him. Both patients were involuntarily committed for inpatient residential mental health sendees pursuant to section 394.467(2). Acting as a friend to Johnson, Wayne Basford, counsel at HRS,[1] filed petitions for appointment of counsel and appointment of guardian ad litem for Johnson. The trial court denied these petitions, as there was no authority for appointing a guardian or counsel for a patient to defend himself in a civil suit. Instead, the trial court ordered HRS to provide private counsel for Johnson. The counsel who was present informed the trial court that the action was not proper since HRS was not a party and was not present or represented.
We reverse the order of the trial court, because HRS was not present or represented by counsel, and remand for further proceedings.[2]
BOOTH, JOANOS and WOLF, JJ., concur.

. Counsel is paid by HRS to represent indigent residents of Florida State Hospital in civil litigation but cannot do so when the action may be adverse to the hospital.

. We would note that the trial court did not indicate its authority for requiring HRS to provide private counsel.